IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT NEGRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| | ) | JUDGE _____ |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CADENCE HEALTH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

PLAINTIFF, Robert Negris ("Mr. Negris"), by and through his undersigned counsel, Michael I. Leonard and Ethan E. White of Leonard Law Offices, states as follows as his Complaint against DEFENDANT, **CADENCE HEALTH**:

## PARTIES

1. Plaintiff, Mr. Negris, is an Illinois resident who resides in Glen Ellyn, Illinois. Mr. Negris was formerly employed by **CADENCE HEALTH**.

2. Defendant, **CADENCE HEALTH**, is incorporated under the laws of the State of Illinois.

3. At all times relevant to this action, **CADENCE HEALTH** was doing and conducting business in this District, including at Central DuPage Hospital, located at 25 N. Winfield Road in Winfield, Illinois – where **CADENCE HEALTH** employed Mr. Negris at all times relevant to this action.

**JURISDICTION AND VENUE**

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331.

5. This Court can exercise personal jurisdiction over **CADENCE HEALTH** and venue is proper in this District because the acts complained of herein took place in this District, and at all relevant times **CADENCE HEALTH** regularly and continuously transacted and was doing business within this District.

**FACTUAL AND LEGAL BACKGROUND**

6. Mr. Negris is fifty-five (55) years old.

7. Mr. Negris was employed by **CADENCE HEALTH** for approximately twenty-seven (27) years – until on or about August 20, 2013.

8. During Mr. Negris's employment with **CADENCE HEALTH**, he met all of its legitimate employment and performance expectations.

9. At all relevant times, Mr. Negris was employed by **CADENCE HEALTH** in the positions of Case Manager Coordinator and Psychiatric Counselor.

10. At all relevant times, Mr. Negris suffered from a disability that was covered by the Americans with Disabilities Act, namely complex cardiac conditions including resistant hypertension.

11. Nonetheless, Mr. Negris was able to perform the essential functions of his position with **CADENCE HEALTH**, with or without reasonable accommodation.

12. At all relevant times, **CADENCE HEALTH** knew of Mr. Negris's disability.

13. On or about August 16, 2013, Mr. Negris provided his then Manager, Jane Ozinga, with a note from his doctor, Dr. Kimm, regarding his condition and disability.

14. The purpose of that note was <u>not</u> to seek time off or to disqualify Mr. Negris from his position of employment with **CADENCE HEALTH**.

15. Instead, that note from Dr. Kimm was for purposes of explaining to, and putting **CADENCE HEALTH** on notice of, the fact that Mr. Negris's disability and condition – including his then still evolving medication regimen – might result in Mr. Negris experiencing fatigue.

16. However, instead of making any attempt to accommodate Mr. Negris's condition, or to engage in the interactive process in order to determine if, and how, **CADENCE HEALTH** could reasonably accommodate Mr. Negris's disability, **CADENCE HEALTH** decided that Mr. Negris's disability necessitated his immediate termination.

17. In fact, in the context of firing Mr. Negris on August 20, 2013, Ms. Ozinga, on behalf of **CADENCE HEALTH**, expressly stated to him that she questioned Mr. Negris's fitness to work.

18. Accordingly, **CADENCE HEALTH** fired Mr. Negris on August 20, 2013.

19. Mr. Negris timely filed a Charge of Discrimination with the EEOC against **CADENCE HEALTH** on or about March 8, 2014.

20. On or about July 21, 2014, the EEOC issued Mr. Negris a Notice of Right to Sue letter.

21. Mr. Negris has timely filed the present lawsuit, and has satisfied all procedural prerequisites to bringing this action.

**LEGAL CLAIMS**

**COUNT I**
**(Violations of the ADA,**
**42 U.S.C., section 12112,** *et. seq.*)

22. Mr. Negris re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 21 above as Paragraph 22 of Count I of his Complaint.

23. Mr. Negris brings this Count under the Americans with Disabilities Act, ("ADA"), 42 U.S.C., section 12112, *et. seq.*

24. At all relevant times, **CADENCE HEALTH** was a covered "employer" within the meaning of the ADA and required to comply with its provisions.

25. At all relevant times, Mr. Negris was a covered "employee" within the meaning of the ADA and entitled to its protections.

26. At all relevant times, Mr. Negris was a qualified individual with a disability within the meaning of the ADA.

27. At all relevant times, Mr. Negris had a disability that was covered by the ADA, that impacted one or more of his major life functions; he also had a record of such impairment with **CADENCE HEALTH**; and he was regarded by **CADENCE HEALTH** as having such an impairment.

28. At all relevant times, Mr. Negris could perform the essential functions of his position with **CADENCE HEALTH**, with or without reasonable accommodation.

29. **CADENCE HEALTH** took an adverse employment action against Mr. Negris, namely, terminating his employment, because of his disability and without making or attempting to make any reasonable accommodation for it.

30. The basis for **CADENCE HEALTH'S** termination of Mr. Negris's employment was a pretext for unlawful discrimination.

31. Similarly situated employees who did not have a disability were not subjected to termination in like circumstances by **CADENCE HEALTH**.

32. Mr. Negris's disability was the motivating factor in **CADENCE HEALTH'S** decision to terminate his employment.

33. As a direct proximate result of **CADENCE HEALTH'S** unlawful actions against Mr. Negris in violation of the ADA, Mr. Negris has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Mr. Negris, by and through his undersigned counsel, respectfully requests the entry of an Order granting judgment in his favor and against Defendant **CADENCE HEALTH** on Count I of his Complaint, for all monetary and other relief to which he is entitled to recover for his ADA claim, for his attorneys' fees and costs, and for such other and further relief as is appropriate under the circumstances.

                                                **Respectfully Submitted,**

                        **By:**     <u>**/s/ Michael I. Leonard**</u>
                                        **Attorney for Plaintiff**

                                      **JURY TRIAL DEMANDED**

**LEONARD LAW OFFICES**
Michael I. Leonard
mleonard@leonardlawoffices.com
Ethan E. White
ewhite@leonardlawoffices.com
203 North LaSalle, Suite 1620
Chicago, IL 60601
(312)380-6569 (phone)
(312)264-0671 (fax)
Dated: September 21, 2014